IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 06-4294-CV-C-NKL<br>) |
| MAX E. STEPHENSON, II and SCOTT F. STEPHENSON, Co-Personal Representatives of the Estate of Ted E. Stephenson, deceased, DANIEL PAYNE, and TERRY FOGARTY, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER**

Plaintiff Safeco Insurance Company of America ("Safeco") seeks a declaratory judgment that a homeowner's insurance policy it issued to Ted Stephenson does not provide coverage for an accident that occurred at Stephenson's home and resulted in the death of Katherine Payne, Defendant Daniel Payne's mother. Pending before the Court is Safeco's Motion for Summary Judgment [Doc. # 8]. For the reasons stated herein, Safeco's motion is denied.

**I.      Factual Background**

Katherine Payne died on June 5, 2006, from injuries she received after Ted Stephenson ignited fireworks at his home on June 3, 2006. In the underlying action, Daniel Payne asserts claims pertaining to his mother's death against Max Stephenson, the

1

estate of Ted Stephenson and others.  *See Payne v. Stephenson, et al.*, Case No. 06-4255-CV-C-NKL.

Safeco issued a homeowner's insurance policy, Policy Number OZ3641596 (the "Policy"), to Ted Stephenson.  The Policy provides that Safeco will defend and indemnify Ted Stephenson if a claim is made against him for bodily injury or property damage arising from an accident.  It reads as follows:

> **LIABILITY LOSSES WE COVER**
>
> **COVERAGE E – PERSONAL LIABILITY**
>
> If a claim is made or a suit is brought against any *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will:
>
> 1. pay up to our limit of liability for the damages for which the *insured* is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent.  We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when the amount we pay for damages resulting from the *occurrence* equals our limit of liability.

(Policy at 13).

The Policy also includes a "criminal acts" exclusion, which reads as follows:

> **LIABILITY LOSSES WE DO NOT COVER**
>
> [**1.** Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to bodily injury or property damage:]
>
>   a. which:

2

(1) is expected or intended by any *insured* or which is the foreseeable result of an act or omission intended by any *insured*; or

(2) results from violation of:

(A) criminal law; or

(B) local or municipal ordinance committed by, or with the knowledge or consent of any *insured*.

This exclusion applies even if:

(3) such *insured* lacks the mental capacity to form intent;

(4) such *bodily injury* or *property damage* is of a different kind or degree than expected or intended; or

(5) such *bodily injury* or *property damage* is sustained by a different person, or persons, than expected or intended.

This exclusion applies whether or not any *insured* is charged or convicted of a violation of criminal law, or local or municipal ordinance.

(Policy at 6-7).

**II.     Discussion**

Safeco argues that the Policy does not provide coverage for the event that resulted in Katherine Payne's death because the Policy's "criminal acts" exclusion applies. Specifically, Safeco contends that "Ted E. Stephenson was not licensed to operate or display the restricted Class B/Display fireworks he ignited on the day in question, as required by Missouri and federal law." (Doc. # 7 at 6). Safeco bears the burden of proving facts that make the Policy's "criminal acts" exclusion applicable. *Powell v. State Farm Mut. Auto. Ins. Co.*, 173 S.W.3d 685, 689 (Mo. Ct. Ap. 2005) ("If . . . an insurance

3

company seeks to escape coverage based on a policy exclusion, it has the burden of proving facts that make the exclusion applicable.").

Defendant Daniel Payne argues that the Court should deny Safeco's motion because Safeco has failed to submit proper evidence in support of its contention that Ted Stephenson was not licensed to operate or display restricted Class B/Display fireworks. Pursuant to Fed. R. Civ. P. 56(c), the Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In addition, Local Rule 56.1(a) mandates that "[e]ach fact in dispute shall be supported by reference to where in the record the fact is established."

In this case, Safeco has not established that Ted Stephenson violated a criminal law. In support of its position that Ted Stephenson was not licensed to operate or display restricted Class B/Display fireworks, Safeco cites investigative reports created by law enforcement personnel. According to the reports, Ted Stephenson told officers that he did not have a license to operate or display restricted Class B/Display fireworks. Other than the inadmissible hearsay contained in these reports, the reports do not establish that Ted Stephenson was not properly licensed. Safeco also claims support for the asserted fact on the ground that Daniel Payne made a similar allegation in his complaint in the underlying action. But, in their answers to Daniel Payne's complaint, both Max Stephenson and the Estate of Ted Stephenson denied that Ted Stephenson was not

4

licensed to operate or display restricted Class B/Display fireworks.  As a result, that Ted Stephenson was not licensed to operate or display restricted Class B/Display fireworks remains a disputed issue of fact.

Safeco has not submitted admissible evidence proving that Ted Stephenson's actions violated a criminal law, or a local or municipal ordinance.  Accordingly, Safeco has not satisfied its burden of proving facts that make the Policy's "criminal acts" exclusion applicable.  Therefore, Safeco's Motion for Summary Judgment is denied.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Safeco's Motion for Summary Judgment [Doc. # 8] is DENIED.

s/ NANETTE K. LAUGHREY<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  May 25, 2007
Jefferson City, Missouri