IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 06-4294-CV-C-NKL |
| MAX E. STEPHENSON, II and SCOTT F. STEPHENSON, Co-Personal Representatives of the Estate of Ted E. Stephenson, deceased, DANIEL PAYNE, and TERRY FOGARTY, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Plaintiff Safeco Insurance Company of America ("Safeco") seeks a declaratory judgment that a homeowner's insurance policy it issued to Ted Stephenson does not provide coverage for an accident that occurred at Ted Stephenson's home and resulted in the death of Katherine Payne, Defendant Daniel Payne's mother. Safeco moves for summary judgment [Doc. # 35], arguing Stephenson's acts fall within the policy's "criminal acts" exception. The Court denies Safeco's motion.

**I. Factual Background**

The facts of this case are not substantially in dispute. On June 3, 2006, Ted E. Stephenson ("Stephenson") was hosting Katherine Payne ("Payne") and Terence J. Fogarty ("Fogarty") at his home in Sunrise Beach, Missouri. While they were gathered, Stephenson

1

supported a mortar (or launching) tube by placing it inside two concrete cinder blocks. Stephenson then placed a three-inch "Class B" (or "Display type") fireworks explosive inside the mortar tube and lit it. Unfortunately, the explosive detonated while still inside the mortar tube, causing the concrete blocks to explode, a piece of which struck Payne in the neck, killing her.

At the time of the accident, Stephenson did not possess a fireworks permit from the Sunrise Beach Fire Protection District, the State of Missouri or the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). He also allowed Fogarty and Payne to be approximately 30 feet away from the detonation site. The record indicates that Stephenson and Fogarty had been drinking, although there is some dispute as to whether they were "under the influence of alcohol" at the time.

Safeco issued a homeowner's insurance policy, Policy Number OZ3641596 (the "Policy"), to Stephenson. The Policy provides that Safeco will defend and indemnify Stephenson if a claim is made against him for bodily injury or property damage arising from an accident. It reads as follows:

**LIABILITY LOSSES WE COVER**

**COVERAGE E – PERSONAL LIABILITY**

If a claim is made or a suit is brought against any *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the *insured* is legally liable; and

2

2. provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the *occurrence* equals our limit of liability.

(Policy at 13).

The Policy also includes a "criminal acts" exclusion, which reads as follows:

**LIABILITY LOSSES WE DO NOT COVER**

[**1.** Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to bodily injury or property damage:]

   a. which:

      (1) is expected or intended by any *insured* or which is the foreseeable result of an act or omission intended by any *insured*; or

      (2) results from violation of:

         (A) criminal law; or

         (B) local or municipal ordinance committed by, or with the knowledge or consent of any *insured*.

This exclusion applies even if:

      (3) such *insured* lacks the mental capacity to form intent;

      (4) such *bodily injury* or *property damage* is of a different kind or degree than expected or intended; or

      (5) such *bodily injury* or *property damage* is sustained by a different person, or persons, than expected or intended.

This exclusion applies whether or not any *insured* is charged or convicted of a violation of criminal law, or local or municipal ordinance.

3

(Policy at 6-7).

Daniel J. Payne filed a lawsuit against the Estate of Ted E. Stephenson, Max E. Stephenson II, Aerial FX, Inc., and John Doe I for the wrongful death of his mother. *See Payne v. Estate of Ted E. Stephenson*, No. 06-4255 (W.D. Mo. filed Nov. 6, 2006). On November 26, 2007, this Court approved a settlement with two of the defendants in that case; however, the claims against the Stephenson estate remain pending.

## II.     Summary Judgment Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing there

4

is a genuine issue for trial. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citing *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361 (8th Cir. 1983)).

### III.  Discussion

This is the second summary judgment motion filed by Safeco. As in their original motion, Safeco argues that the Policy does not provide coverage for the event that resulted in Katherine Payne's death because the Policy's "criminal acts" exclusion applies. Specifically, Safeco contends that "the wrongful death of Ms. Payne resulted from Mr. Stephenson's multiple violations of both local ordinance and criminal law" because he did not have the proper permits. Safeco bears the burden of proving facts that make the Policy's "criminal acts" exclusion applicable. *See Powell v. State Farm Mut. Auto. Ins. Co.*, 173 S.W.3d 685, 689 (Mo. App. 2005) ("If . . . an insurance company seeks to escape coverage based on a policy exclusion, it has the burden of proving facts that make the exclusion applicable.").

Insurance policies are contracts. *See Gavan v. Bituminous Cas. Corp.*, __ S.W.3d __, 2008 WL 131985, at *2 (Mo. 2008). "If the language in an insurance contract is clear and unambiguous, this Court must construe the contract as written . . . ." *Id.* (quoting *Bellamy v. Pac. Mut. Life Ins. Co.*, 651 S.W.2d 490, 495 (Mo. 1983)). In interpreting an insurance policy, the Court must give the terms their plain and ordinary meaning unless it is clear from the policy that the parties intended an alternate meaning. *See id.* (citing *Peters v. Employers*

5

*Mut. Cas. Co.*, 853 S.W.2d 300, 302 (Mo. 1983). It is a question of law whether an insurance policy is ambiguous. *See id*.

There are two issues in this case: (1) Whether Stephenson committed any criminal acts; and (2) if he did commit criminal acts, whether Payne's bodily injury "resulted from" Stephenson's violation of criminal law. Safeco admits in its reply that the Sunrise Beach ordinances it originally cited did not go into effect until after the incident. *See* Safeco's Reply at 2. Thus, those ordinances are inapplicable in this case. To the extent Missouri law applies, Payne admits that Stephenson did not have a permit from the State of Missouri or the ATF to possess display-type fireworks; therefore, he was in violation of § 320.126.4, RSMo. Under Missouri law, this is classified as a class A misdemeanor. *See* § 320.161, RSMo.

The more important question is whether Payne's injuries "resulted from" Stephenson's failure to procure a permit, get a site inspection or have appropriate supervision as required by § 320.126.4. Interpreting a similar provision in another insurance policy, the Missouri Court of Appeals held: "Clearly, 'resulting from' is more akin to 'caused by' than to 'arising out of.'" *State Farm Mut. Auto. Ins. Co. v. Flanary*, 879 S.W.2d 720, 723 (Mo. App. 1994) (referencing *Schmidt v. Util. Ins. Co.*, 182 S.W.2d 181, 183 (Mo. 1944), which held that phrase "arising out of" had much broader meaning than the phrase "caused by"). In turn, given the plain and ordinary meaning of "caused by," the Court finds that phrase is close in meaning to the "but for" test for causation in fact. *See Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 860-61 (Mo. 1993) ("The 'but for' causation test provides

6

that 'the defendant's conduct is a cause' of the event if the event would not have occurred 'but for' that conduct."); *see also Flanary*, 879 S.W.2d at 724 ("The boom allegedly fell as a result of Flanary's acts as a welder, not as a result of any use of the truck. The link between the use of the truck and the collapse of the boom is insufficient to bring the accident within the coverage afforded by State Farm's policy.").

Safeco alleges that "Stephenson committed a crime when he failed to apply for the necessary permit through the Sunrise Beach Fire Protection District and the Missouri Fire Marshal's office. He also committed a crime when he failed to secure [an ATF] license for the possession of Class B explosives. . . . Had Mr. Stephenson requested a permit he would have had to go through the process of providing financial security and developing a site plan." Safeco's Mot. at 14. As a result, Safeco claims, his "multiple illegal acts all culminated in the 'but for' and proximate cause leading to Ms. Payne's death." *Id*. at 17. The Court disagrees. Had Stephenson received the proper permits, there is no guarantee that the accident would have been prevented. Safeco makes much out the fact that the detonation site was not in conformance with NFPA Standard 1123; however, § 320.126.4 relates to the securing of permits, not the actual detonation of display fireworks. Moreover, Safeco has not shown that Payne's injuries were actually caused by Stephenson's alleged intoxication or Payne's proximity to the mortar tube. As a result, at this stage Safeco has not shown that "but for" Stephenson's failure to secure the permits, Payne would not have been injured.

In its reply, Safeco changes tack, asserting that the issue is not whether Stephenson failed to get permits, but that it was illegal for him to possess or detonate these explosives

7

under the law. *See* Safeco Reply at 4. Safeco cites only non-binding out-state cases for support, all of which are distinguishable. In *Shultz v. AAA Michigan*, No. 291175, 1999 WL 33441320 (Mich. Ct. App. May 28, 1999) (unpublished), the Michigan Court of Appeals held in favor of the insurance company and reversed the trial court's grant of summary judgment. However, in that case the trial court did not let the insurance company raise the exclusionary clause as a defense. *Id.* at *1. Additionally, the court of appeals held the trial court erred in determining the clause required foreseeability. *See id.* at *2. Finally, the *Shultz* opinion does not mention whether the firework was illegal for everybody or only illegal because it was possessed without a permit.

This last point illustrates the problem with Safeco's argument. Safeco asserts an illegal firework is the same as a firework possessed without a permit. But, a completely illegal firework is illegal for *all* people to possess. Possession, in that case, is the crime. It only makes sense that where a firework is entirely illegal, injuries would not have occurred but for its possession. Completely banning the firework results in preventing injuries. Here, though, the crime is not possession, but possession *without a permit*. Some people are allowed to have the types of fireworks Stephenson possessed, and may do so simply by getting permission. However, getting that permission (in the form of a permit) does not mean that injuries will be completely prevented. Safeco does not argue that it would have been impossible for Stephenson to procure the appropriate permits. As a result, Safeco cannot show that "but for" getting the permits, the injuries would not have been sustained. This distinguishes most of Safeco's caselaw. *See Am. Family Mut. Ins. Co. v. Hadley*, 648

8

N.W.2d 769, 777 (Neb. 2002) (involving negligent child abuse); *Allstate Ins. Co. v. Peasley*, 932 P.2d 1244, 1250 (Wash. 1997) (involving insured who shot a guest in his home and discussing whether criminal act must be intentional); *Horace Mann Ins. Co. v. Drury*, 445 S.E.2d 272, 273-74 (Ga. Ct. App. 1994) (noting it is illegal under Georgia law for "any person . . . to use or explode or cause to be exploded, or to possess, . . . any fireworks" (citing Ga. Code Ann. § 25-10-2)).

Finally, in its reply, Safeco cites *Allstate Insurance Co. v. Blount*, 491 F.3d 903 (8th Cir. 2007), for the proposition that where an insured knowingly violates a provision of his policy, he cannot benefit from the violation. *Blount* does not support Safeco's summary judgment position. First, the policy at issue in *Blount* used the broader "arising from" language. *See* 491 F.3d at 905. Second, that case involved a woman who had provided her home for minors to drink alcohol and use drugs. *See id*. Again, this is illegal for everyone; there is no permit that would have allowed the minors to drink alcohol and use drugs. In fact, the Eighth Circuit explains this very point: "Without Grimes's underlying act of providing her home to minors for the consumption of alcohol and/or controlled substances without supervision, there would be no injury and no basis for the wrongful death suit." *Id*. at 910. In the present case, Safeco cannot say that without Stephenson's underlying act of failing to secure a permit, there would be no injury and no basis for Payne's wrongful death suit.

Other than its conclusory statement that Stephenson's acts "culminated" in the but for cause of Payne's death, Safeco's motion is almost entirely devoted to proving Stephenson violated the law by not having the appropriate permits. Safeco fails to show, however, that

9

no reasonable jury could conclude that Payne's injuries did not result from Stephenson's alleged criminal acts. Therefore, the Court denies Safeco's motion for summary judgment.

## IV. Conclusion

Accordingly, it is

ORDERED that Plaintiff Safeco Insurance Company's Second Motion for Summary Judgment [Doc. # 35] is DENIED.

 s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  February 6, 2008
Jefferson City, Missouri